## The Inhabitants of RAYMOND *vs.* The Inhabitants of HARRISON.

A pauper, while receiving support for himself, wife and children, in the town of H.— on account of some supposed delinquency of the wife, *abandoned* his family, and went and resided in the town of R. for a period of five years in succession. *Held*, that the support furnished to his *family*, during that period, by the town of H., was not in contemplation of law, furnished to *him*, so as to prevent his gaining a settlement in the town of R. by virtue of the provisions of *stat.* of 1821, *ch.* 122.

THIS action was tried in the Court of Common Pleas, before *Whitman C. J.* and was *assumpsit* for supplies furnished certain paupers, alleged to have their legal settlement in the defendant town. The paupers were the children of one *George Edwards*; and it was in proof, that said *Edwards*, with his wife and children, were supported as paupers by the defendant town, for some time anterior to *August*, 1819; at which time he absconded, and continued absent till *November*, 1820, when he visited his wife and children. But finding, as he supposed, that his wife had been guilty of criminal conduct, he *abandoned* her and his family, and immediately went to live with his father in *Raymond*, with whom he labored for a year upon wages, and afterwards continued in said *Raymond* and its vicinity, working whenever he could find employment till the time of bringing this action. That, in 1820, he bargained for a lot of land in *Raymond*, and went into the possession of it, and had continued his possession ever since, occasionally working on it himself, and some seasons letting it out. That, he had been taxed in *Raymond* for the same, from 1820 to the present time; and that in 1823–5–7–8 and 9, he had been taxed for his poll in said *Raymond*; the tax bills for 1821–2 not having been found after due search. That he kept a chest at his father's house in *Raymond*, while his father lived; and afterwards at his mother's in the same town, while she lived; and ever since at some other place in the same town, in which chest he kept his apparel. But it did not appear that he had any fixed place of residence in any particular dwellinghouse.

It was proved by the defendants, that the said children of *Ed-*

*wards,* were twins, and became of age in 1829. And the plaintiffs further proved, that said *Edwards'* family continued to be supported by the defendants until 1822.

Upon these facts, the Court instructed the jury, that, if they were satisfied, that *George Edwards* had resided in *Raymond* for the term of five years in continuation, after *March* 21, 1821, and before his said children became of age, the plaintiffs were not entitled to recover ; as the supplies furnished to his family after he had abandoned them, could not be considered as furnished to him — but otherwise, the plaintiffs were entitled to recover.

The jury returned a verdict for the defendants. Whereupon the plaintiffs' counsel filed exceptions and brought the case up to this Court.

*Fessenden* and *Deblois,* for the plaintiffs, contended that the supplies furnished the children, were furnished to the father. That here was not such evidence of an abandonment of family, as existed in the cases of *Green* v. *Buckfield,* 3 *Greenl.* 136 ; *Dixmont* v. *Biddeford,* 3 *Greenl.* 205 ; and *Hallowell* v. *Saco,* 5 *Greenl.* 143. In those cases the head of the family had been absent 7, 8, and 9 years. They also endeavored to distinguish the present case from those cited, on the ground that in this case the supplies had been furnished in part *before* the supposed abandonment.

It was further contended, that *Edwards* had not gained a settlement in *Raymond,* by his residence there, and cited *Westbrook* v. *Bowdoinham,* 7 *Greenl.* 363 ; *Parsonsfield* v. *Perkins,* 2 *Greenl.* 411 ; *Boothbay* v. *Wiscasset,* 3 *Greenl.* 354 ; *Turner* v. *Buckfield,* 3 *Greenl.* 229 ; *Knox* v. *Waldoborough,* 3 *Greenl.* 455 ; *Parsonsfield* v. *Kennebunkport,* 4 *Greenl.* 47.

*Longfellow,* for the defendants, relied on the cases of *Green* v. *Buckfield,* 3 *Greenl.* 136 ; *Dixmont* v. *Biddeford,* 3 *Greenl.* 205 ; *Hallowell* v. *Saco,* 5 *Greenl.* 143.

Mellen C. J. at an adjourned term in *August* ensuing, delivered the opinion of the Court.

The defendant town resists this action on the ground that the paupers have their legal settlement in *Raymond,* in virtue of the residence of their father, *George Edwards,* in said town five suc-

cessive years between the 21st of *March*, 1821, and the year 1829, during which five years the said *George* did not receive any supplies as a pauper, according to the seventh mode pointed out in the second section of the act of 1821, *ch.* 122. The jury have found that the said *George* in *November*, 1820, in consequence of the criminal conduct of his wife, as stated in the report, *abandoned* her and his family immediately and went to live with his father in *Raymond*, where he continued to reside during the period abovementioned, and it does not appear, nor is it pretended that he has had any connection with her or the family since he abandoned her, or that he has had any care of them or control over them. On these facts, why did not the father gain a settlement in *Raymond*, by such residence for five years, during the minority of the paupers, his children? It is said that the supplies furnished to the family, or rather to his wife and children, were constructively and in legal contemplation furnished to the father as a pauper, as provided in the said section. We apprehend such is not the legal consequence. In the case of *Green v. Buckfield*, which has been cited, we think this question has been settled, upon deliberate consideration. The Court say, " we are of opinion that supplies cannot be considered as furnished to a man as a pauper, unless furnished to *himself personally*, or to *one of his family*; and that those *only* can be considered as his family, who continue under his care and protection." The case of *Dixmont* v. *Biddeford*, also cited, and *Hallowell* v. *Saco*, were decided on the same principle. We cannot distinguish those from the present case in regard to the point above adjudged. Surely after *George Edwards* had perfectly abandoned his wife and children, which abandonment has continued to this hour, they cannot in any reasonable construction be said to have remained under his care and protection, when the supplies were furnished — accordingly, *our* opinion is that there must be

*Judgment on the verdict.*